I hereby certify that the foregoing is a true copy of the original on file in this office.

**Clerk, U.S. District Court
Eastern District of Michigan**

By: Sarah Schoenherr
Deputy

**UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION**

IN RE: CHRYSLER PACIFICA FIRE RECALL
PRODUCTS LIABILITY LITIGATION                                   MDL No. 3040

**TRANSFER ORDER**

**Before the Panel:**[*] Plaintiff in one action (*Olsen*) moves under 28 U.S.C. § 1407 to centralize this litigation in either the Northern District of California or the Central District of California. This litigation currently consists of seven actions pending in four districts – three actions in the Eastern District of Michigan and four actions in various California districts, as listed on Schedule A. Since the filing of the motion, the Panel has been notified of four related actions – one in the Eastern District of Michigan (*Ramirez*), one in the Eastern District of Pennsylvania (*Bagley*), and two in the Central District of California (*Travato* and *Macias*).[1] The four actions in the Eastern District of Michigan (including *Ramirez*) recently were consolidated for all purposes. Thus, there are effectively eight related actions before the Panel, including potential tag-along actions, pending in five districts.

Plaintiffs in three of the California actions, along with the Pennsylvania plaintiffs, support centralization in either the Northern or Central District of California. The Pennsylvania plaintiffs alternatively request the Eastern District of Pennsylvania. Common defendant FCA US LLC ("FCA") and plaintiffs in the consolidated Michigan actions oppose centralization under Section 1407, in favor of transfer of the California and Pennsylvania actions, and any other related actions, to the Eastern District of Michigan under Section 1404 or the first-to-file rule. Alternatively, FCA and plaintiffs in the Michigan actions request the Eastern District of Michigan as transferee district.

On the basis of the papers filed and the hearing session held, we find that these actions involve common questions of fact, and that centralization in the Eastern District of Michigan will serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation. These putative class actions present common factual questions arising from the allegation that Chrysler Pacifica Plug-In Hybrid Electric Vehicles (model years 2017 and 2018) have a defect that makes them prone to fire and explosion and that the manufacturer's voluntary recall notice issued on February 11, 2022, is inadequate. The common factual questions include: (1) the nature of the alleged defect; (2) whether defendant FCA knew, or should have known, of

---

[*] Judge Roger T. Benitez did not participate in the decision of this matter.

[1] These and any other related actions are potential tag-along actions. *See* Panel Rules 1.1(h), 7.1 and 7.2.

-2-

the risk of fire and explosion; (3) defendant's conduct regarding the design, manufacturing, marketing and sales of the vehicle; (4) the events pertaining to the FCA investigation and recall; and (5) the measure of any damages, including diminution in value, loss of use, and other alleged economic losses. Centralization will eliminate duplicative discovery; prevent inconsistent pretrial rulings, including with respect to class certification and *Daubert* motions; and conserve the resources of the parties, their counsel, and the judiciary.

In opposing centralization, defendant and plaintiffs in the Eastern District of Michigan actions principally argue that transfer under Section 1404 or the first-to-file rule is practicable and preferable to centralization, noting, *inter alia,* that such transfer would enable the actions to be consolidated for all purposes including trial. On a number of occasions this Panel has denied centralization where a "reasonable prospect" exists that Section 1404 or first-to-file motions will eliminate the multidistrict character of a litigation. *See In re Gerber Probiotic Prods. Mktg. & Sales Practices Litig.*, 899 F. Supp. 2d 1378, 1379-80 (J.P.M.L. 2012). The mere pendency of such motions, though, is not necessarily sufficient to defeat centralization: "we look to other circumstances to determine whether there is a reasonable prospect that the Section 1404 motions will resolve the difficulties posed by duplicative multidistrict litigation – for example, the amenability of counsel to Section 1404 transfer, orders addressing transfer in the underlying actions, and the likelihood of potential tag-along actions." *See In re Natrol, Inc., Glucosamine/ Chondroitin Mktg. & Sales Practices Litig.*, 26 F. Supp. 3d 1392, 1393 (J.P.M.L. 2014). Here, none of the plaintiffs in the actions outside of Michigan have indicated a willingness to agree to transfer to the Eastern District of Michigan, nor do the records in their actions indicate that a transfer order is imminent. Additionally, we have been notified of three potential tag-along actions outside of Michigan since the filing of the motion for centralization, each involving additional, nonoverlapping counsel.[2] Considering the number of involved districts, the wholesale absence of any transfer activity, and the potential tag-along actions, we find that transfer under Section 1404 or the first-to-file rule does not provide a reasonable prospect for eliminating the multidistrict character of this litigation.

We conclude that the Eastern District of Michigan is the appropriate transferee district. Defendant FCA US LLC has its headquarters in this district, and represents that the core witnesses and documents regarding the subject vehicles are located there. Four actions already have been consolidated in the Eastern District of Michigan. It also is centrally located and easily accessible, making it a convenient forum for this nationwide litigation. Judge David M. Lawson, to whom we assign this litigation, is an experienced transferee judge with the willingness and ability to manage this litigation efficiently. We are confident he will steer this litigation on a prudent course.

IT IS THEREFORE ORDERED that the actions listed on Schedule A and pending outside the Eastern District of Michigan are transferred to the Eastern District of Michigan and, with the consent of that court, assigned to the Honorable David M. Lawson for coordinated or consolidated pretrial proceedings.

---

[2] Movant' counsel also represented in the Panel briefing that their communications with putative class members indicate that additional actions are likely.

-3-

PANEL ON MULTIDISTRICT LITIGATION

_____
Karen K. Caldwell
Chair

Nathaniel M. Gorton         Matthew F. Kennelly
David C. Norton             Dale A. Kimball
Madeline Cox Arleo

IN RE: CHRYSLER PACIFICA FIRE RECALL PRODUCTS LIABILITY LITIGATION   MDL No. 3040

### SCHEDULE A

Central District of California

REILMAN v. FCA US LLC, C.A. No. 8:22−00811  **2:22-cv-11804**

Northern District of California

**2:22-cv-11805**

LAWRENCE v. FIAT CHRYSLER AUTOMOBILES, FCA US LLC, C.A. No. 3:22−02372
GOMEZ v. FCA US LLC, C.A. No. 5:22−02171   **2:22-cv-11806**

Southern District of California

OLSEN v. FIAT CHRYSLER AUTOMOBILES (FCA) US LLC, C.A. No. 3:22−00368
**2:22-cv-11807**

Eastern District of Michigan

HUNTINGTON, ET AL. v. FCA US LLC, C.A. No. 4:22−10508
SCHUMANN, ET AL. v. FCA US LLC, C.A. No. 4:22−10771
FINDEISS, ET AL. v. FCA US LLC, C.A. No. 4:22−10850